UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EASTON TECHNICAL PRODUCTS, Utah corporation, | ) ) ) ) ) | No.: 1:18-cv-01222-RGA |
| Plaintiff, | ) ) | **(Jury Trial Demanded)** |
| vs. | ) ) | |
| FERADYNE OUTDOORS, LLC, a Delaware corporation, | ) ) ) | |
| Defendant. | ) ) | |

## <u>DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM</u>

Defendant FeraDyne Outdoors, LLC ("FeraDyne"), through its undersigned attorneys, hereby answers the corresponding paragraphs of Plaintiff Easton Technical Products' ("Easton's") Complaint as follows:

### PARTIES

1.      FeraDyne is without sufficient information to admit or deny the allegations set forth in paragraph 1 of Plaintiff's Complaint and thus denies those allegations.

2.      FeraDyne is without sufficient information to admit or deny the allegations set forth in paragraph 2 of Plaintiff's Complaint and thus denies those allegations.

3.      FeraDyne admits the allegations set forth in paragraph 3 of Plaintiff's Complaint.

4.      FeraDyne admits the allegations set forth in paragraph 4 of Plaintiff's Complaint.

**JURISDICTION AND VENUE**

5.      FeraDyne admits that Plaintiff asserted claims against FeraDyne for alleged patent infringement.  FeraDyne denies the remaining allegations set forth in paragraph 5 of Plaintiff's Complaint.

6.      FeraDyne denies the allegations set forth in paragraph 6 of Plaintiff's Complaint.

7.      FeraDyne denies the allegations set forth in paragraph 7 of Plaintiff's Complaint.

**GENERAL ALLEGATIONS**

8.      FeraDyne is without sufficient information to admit or deny the allegations set forth in paragraph 8 of Plaintiff's Complaint and thus denies those allegations.

9.      FeraDyne is without sufficient information to admit or deny the allegations set forth in paragraph 9 of Plaintiff's Complaint and thus denies those allegations.

10.      FeraDyne is without sufficient information to admit or deny the allegations set forth in paragraph 10 of Plaintiff's Complaint and thus denies those allegations.

11.      FeraDyne is without sufficient information to admit or deny the allegations set forth in paragraph 11 of Plaintiff's Complaint and thus denies those allegations.

12.      FeraDyne is without sufficient information to admit or deny the allegations set forth in paragraph 12 of Plaintiff's Complaint and thus denies those allegations.

13.      FeraDyne denies the allegations set forth in paragraph 13 of Plaintiff's Complaint.

PHIL1 7332255v.1

14.     FeraDyne denies the allegations set forth in paragraph 14 of Plaintiff's Complaint.

15.     FeraDyne denies the allegations set forth in paragraph 15 of Plaintiff's Complaint.

16.     FeraDyne affirmatively states that the document attached as Exhibit E to Plaintiff's Complaint speaks for itself.  FeraDyne denies the allegations in paragraph 16 of Plaintiff's Complaint to the extent that they are inconsistent with, or vary from, the plain language set forth in Exhibit E.

17.     FeraDyne affirmatively states that the document attached as Exhibit F to Plaintiff's Complaint speaks for itself.  FeraDyne denies the allegations in paragraph 17 of Plaintiff's Complaint to the extent that they are inconsistent with, or vary from, the plain language set forth in Exhibit F.

18.     FeraDyne affirmatively states that the document attached as Exhibit G to Plaintiff's Complaint speaks for itself.  FeraDyne denies the allegations in paragraph 18 of Plaintiff's Complaint to the extent that they are inconsistent with, or vary from, the plain language set forth in Exhibit G.

**FIRST CAUSE OF ACTION**
**(PATENT INFRINGEMENT UNDER 35 U.S.C. § 271 OF '859 PATENT)**

19.     FeraDyne realleges and incorporates by reference each and every response set forth in Paragraphs 1-18 above.

20.     FeraDyne denies the allegations set forth in paragraph 20 of Plaintiff's Complaint.

3

21.     FeraDyne denies the allegations set forth in paragraph 21 of Plaintiff's Complaint.

22.     FeraDyne denies the allegations set forth in paragraph 22 of Plaintiff's Complaint.

23.     FeraDyne denies the allegations set forth in paragraph 23 of Plaintiff's Complaint.

24.     FeraDyne denies the allegations set forth in paragraph 24 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION
## (PATENT INFRINGEMENT UNDER 35 U.S.C. §271 OF '618 PATENT)

25.      FeraDyne realleges and incorporates by reference each and every response set forth in Paragraphs 1-24 above.

26.     FeraDyne denies the allegations set forth in paragraph 26 of Plaintiff's Complaint.

27.     FeraDyne denies the allegations set forth in paragraph 27 of Plaintiff's Complaint.

28.     FeraDyne denies the allegations set forth in paragraph 28 of Plaintiff's Complaint.

29.     FeraDyne denies the allegations set forth in paragraph 29 of Plaintiff's Complaint.

30.     FeraDyne denies the allegations set forth in paragraph 30 of Plaintiff's Complaint.

PHIL1 7332255v.1

## THIRD CAUSE OF ACTION
## (PATENT INFRINGEMENT UNDER 35 U.S.C. § 271 OF '504 PATENT)

31.     FeraDyne realleges and incorporates by reference each and every response set forth in Paragraphs 1-30 above.

32.     FeraDyne denies the allegations set forth in paragraph 32 of Plaintiff's Complaint.

33.     FeraDyne denies the allegations set forth in paragraph 33 of Plaintiff's Complaint.

34.     FeraDyne denies the allegations set forth in paragraph 34 of Plaintiff's Complaint.

35.     FeraDyne denies the allegations set forth in paragraph 35 of Plaintiff's Complaint.

36.     FeraDyne denies the allegations set forth in paragraph 36 of Plaintiff's Complaint.

## FOURTH CAUSE OF ACTION
## (PATENT INFRINGEMENT UNDER 35 U.S.C. § 271 OF '001 PATENT)

37.     FeraDyne realleges and incorporates by reference each and every response set forth in Paragraphs 1-36 above.

38.     FeraDyne denies the allegations set forth in paragraph 38 of Plaintiff's Complaint.

39.     FeraDyne denies the allegations set forth in paragraph 39 of Plaintiff's Complaint.

5

40.     FeraDyne denies the allegations set forth in paragraph 40 of Plaintiff's Complaint.

41.     FeraDyne denies the allegations set forth in paragraph 41 of Plaintiff's Complaint.

42.     FeraDyne denies the allegations set forth in paragraph 42 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

To the extent that any response is required, FeraDyne denies that Easton is entitled to any relief, judgment, or order with respect to FeraDyne whatsoever.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of the defenses set forth herein, FeraDyne alleges the following as affirmative defenses to the Complaint and the relief sought therein:

## FIRST AFFIRMATIVE DEFENSE
## (FAILURE TO STATE A CLAIM FOR RELIEF)

43.     The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
## (NON-INFRINGEMENT)

44.     FeraDyne has not infringed, and is not infringing any valid and enforceable claim of the '859 Patent, the '618 Patent, the '504 Patent, and/or the '001 Patent (hereinafter referred to collectively as the "Asserted Patents"), willfully or otherwise, directly or indirectly, by inducement or contributory infringement, literally or by application of the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE
### (INVALIDITY)

45.     Some or all of the claims of the Asserted Patents are invalid for failure to satisfy one or more of the requirements for patentability of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

46.     For example, U.S. Patent No. 4,234,190 ("the '190 Patent") to Airhart, a true and correct copy of which is attached hereto as Exhibit 1, describes a carbon fiber reinforced arrow. The arrow shaft described therein may fit internal components and has dimensions and exhibits characteristics as claimed in the Asserted Patents. Therefore, the claims of each of the Asserted Patents are invalid under 35 U.S.C. § 102 as being anticipated at least by the '190 Patent.

47.     The 2003-2004 Lancaster Archery Supply Archery Catalog, a true and correct copy of pages of which are attached hereto as Exhibit 2, describes Eastman's Medallion carbon arrow shafts ("Eastman's Medallion Arrow Shafts") as does the 2004 Eastman Outfitters Product Guide, a true and correct copy of pages of which are attached hereto as Exhibit 3. The Eastman Medallion Arrow Shafts existed in the marketplace prior to the priority date of the Asserted Patents, and they reduce to practice technology that was publicly available and/or publicly disclosed prior to the priority date of the Asserted Patents. Eastman's Medallion Arrow Shafts include internal component systems having dimensions and exhibiting characteristics as claimed in the Asserted Patents. Therefore, the claims of each of the Asserted Patents are invalid under 35 U.S.C. § 102 as being anticipated at least by the Eastman Medallion Arrow Shafts.

7

48.     A third-party company known as AFC marketed and sold arrow shafts ("AFC's Arrow Shafts") prior to the priority date of the Asserted Patents.  AFC's Arrow Shafts included, but are not necessarily limited to, the following products: AFC XL Accel 2300; AFC Pape's Advantage 2400; AFC Max II 2400; AFC Accel 2200; AFC V-Max 2400; and AFC Accel 2400.  AFC's Arrow Shafts may fit internal components and have dimensions and exhibit characteristics as claimed in the Asserted Patents.  Therefore, the claims of each of the Asserted Patents are invalid under 35 U.S.C. § 102 as being anticipated at least by the AFC Arrow Shafts.

49.     The 1991 Lancaster Archery Supply Catalog, a true and correct copy of pages of which are attached hereto as Exhibit 4, describes Easton's A/C/C arrow shafts ("Easton's A/C/C Arrow Shafts") with internal fit nock and inserts and having dimensions and exhibiting characteristics as claimed in the Asserted Patents.  Therefore, the claims of each of the Asserted Patents are invalid under 35 U.S.C. § 102 as being anticipated at least by the 1991 Lancaster Archery Catalog and Easton's A/C/C Arrow Shafts.

50.     U.S. Patent No. 6,554,725 ("the '725 Patent") to Schaar, a true and correct copy of which is attached hereto as Exhibit 5, describes a fiber reinforced arrow.  The arrow shaft described therein may fit internal components and has dimensions and exhibits characteristics as claimed in the Asserted Patents.  Therefore, the claims of each of the Asserted Patents are invalid under 35 U.S.C. § 102 as being anticipated at least by the '725 Patent.

8

51.     The Asserted Patents are invalid under 35 U.S.C. § 103 as being obvious based on at least some prior art.  For example, the claims of the Asserted Patents are obvious in view of one or more of the 1991 Lancaster Archery Supply Catalog and Easton's A/C/C Arrow Shafts, the '190 Patent, the '725 Patent, Eastman's Medallion Arrow Shafts, and AFC's Arrow Shafts.

52.     The Asserted Patents are invalid under 35 U.S.C. § 112 for being indefinite. For example, one or more claims of the Asserted Patents recite inconsistent terms, include terms lacking antecedent basis, and do not particularly point out and distinctly claim or clearly recite the metes and bounds of the subject matter deemed to be the alleged invention.

## FOURTH AFFIRMATIVE DEFENSE
## (PROSECUTION HISTORY DISCLAIMER AND PROSECUTION HISTORY ESTOPPEL)

53.     FeraDyne reserves the right to assert that Easton is barred under the doctrine of prosecution history disclaimer from asserting any claim construction that would cause any claim of any of the Asserted Patents to read on FeraDyne's products or activities, and is further barred from asserting a claim for infringement under the doctrine of equivalents by the doctrine of prosecution history estoppel.

## FIFTH AFFIRMATIVE DEFENSE
## (FAILURE TO MARK)

54.     To the extent Easton has failed to mark any product covered by any of the claims of the Asserted Patents, 35 U.S.C. § 287 limits recovery to any damages Easton allegedly incurred subsequent to actual notice to FeraDyne of the alleged infringement.

PHIL1 7332255v.1

## SIXTH AFFIRMATIVE DEFENSE
## (ADEQUATE REMEDY AT LAW)

55.     No basis exists for the grant of equitable relief to Easton because Easton has an adequate remedy at law if there is ultimately a finding of infringement of any of the claims of the Asserted Patents.

## SEVENTH AFFIRMATIVE DEFENSE
## (UNCLEAN HANDS)

56.     No basis exists for the grant of equitable relief to Easton because Easton has unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE
## (INJUNCTIVE RELIEF)

57.     No basis exists for injunctive relief as Easton has, at a minimum, an adequate remedy at law and no irreparable alleged injury.

## NINTH AFFIRMATIVE DEFENSE
## (INEQUITABLE CONDUCT)

58.     On or about August 23, 2006, as part of the patent prosecution process for the Asserted Patents, Teddy D. Palomaki, Vice President of Product Development for Easton Technical Products, Inc., submitted a declaration under 37 CFR § 1.132 to the United States Patent and Trademark Office.   Among other things, Mr. Palomaki represented that "Figure 12 of the above-referenced patent application illustrates that the arrow shaft of this invention is new and unique in its combination of spine and outside diameter."

59.     Figure 12 disclosed as prior art the following arrow shafts along with their outside diameter and spine combinations: ICS Hunter; Evolution; Epic; Lightspeed; Excel/Hawk; Gold Tip – Black; Carbon Express – CX; and Blackhawk – Vapor.

60.     At all material times during the patent prosecution process, Mr. Palomaki and Easton knew of Easton's A/C/C Arrow Shafts and the 1991 Lancaster Archery Supply Catalog that marketed Easton's A/C/C Arrow Shafts, but failed to disclose this prior art to the United States Patent and Trademark Office.

61.     Upon information and belief, at all material times during the patent prosecution process, Mr. Palomaki and Easton also knew of the following prior art and other prior art but failed to disclose it to the United States Patent and Trademark Office: the '190 Patent, the '725 Patent, Eastman's Medallion Arrow Shafts, and AFC's Arrow Shafts.

62.     Upon information and belief, the United States Patent and Trademark Office would not have allowed the claims that are at issue in this litigation had it been aware of this undisclosed prior art.

63.     In addition, upon information and belief, Mr. Palomaki and Easton acted with specific intent to deceive the United States Patent and Trademark Office.  Upon information and belief, Mr. Palomaki and Easton engaged in a pattern of lack of candor, including repeatedly making factual representations to the United States Patent and Trademark Office contrary to the true information they had in their files.  Mr. Palomaki and Easton thus engaged in inequitable conduct and violated their duty of disclosure.

64.     Mr. Palomaki's and Easton's inequitable conduct and violation of their duty of disclosure renders all of the claims of the '859 Patent, the '618 Patent, the '504 Patent, and the '001 Patent unpatentable or invalid.

## TENTH AFFIRMATIVE DEFENSE
## (RESERVED)

65.     FeraDyne reserves the right to supplement its affirmative defenses as they may arise during discovery in this matter.

## FERADYNE'S COUNTERCLAIMS

Defendant FeraDyne Outdoors, LLC ("FeraDyne") for its Counterclaim against Plaintiff Easton Technical Products ("Easton"), states and alleges as follows:

## PARTIES

1.      FeraDyne is a corporation organized and existing under the laws of the state of Delaware.

2.      Upon information and belief, Easton is a corporation organized and existing under the laws of the State of Utah that maintains its principal place of business in Salt Lake City, Utah.

## JURISDICTION AND VENUE

3.      These counterclaims arise under federal statutory law, including 35 U.S.C. § 271 *et seq.* Accordingly, this Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      Upon information and belief, venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c). Venue and jurisdiction are proper within this District because, inter alia, Easton has sought the benefit of this forum for this litigation.

## FACTUAL BACKGROUND

5.      Easton has alleged that it owns U.S. Patent Nos. 7,004,859 ("the '859 Patent"), 7,270,618 ("the '618 Patent"), 7,374,504 ("the '504 Patent"), and 7,608,001 ("the '001 Patent") (hereinafter referred to collectively as the "Asserted Patents"), and has filed the Complaint in this action alleging that FeraDyne infringes the Asserted Patents.

6.      FeraDyne denies that it infringes or has infringed, directly or indirectly, any valid and enforceable claim of any of the Asserted Patents.

7.      FeraDyne further asserts that one or more claims of the Asserted Patents are invalid.

8.      There is an actual, immediate, and justiciable controversy between FeraDyne and Easton regarding the infringement and validity of the Asserted Patents.

## FIRST COUNTERCLAIM FOR DECLARATORY RELIEF
### (NON-INFRINGEMENT OF THE ASSERTED PATENTS)

9.      FeraDyne realleges and incorporates by reference each and every admission, denial, and averment of this Answer and Counterclaim as though set forth fully herein.

10.      FeraDyne does not and has not infringed any valid and enforceable claim of any of the Asserted Patents, directly or indirectly, by inducement or contributory infringement, literally or under the doctrine of equivalents.

PHIL1 7332255v.1

11.     FeraDyne is entitled to a declaratory judgment of this Court stating that FeraDyne has not infringed and does not infringe any of the Asserted Patents in any manner whatsoever.

## SECOND COUNTERCLAIM FOR DECLARATORY RELIEF
## (INVALIDITY OF THE ASSERTED PATENTS)

12.     FeraDyne realleges and incorporates by this reference each and every admission, denial, and averment of this Answer and Counterclaim as though set forth fully herein.

13.     Each of the asserted claims of the Asserted Patents is invalid for failure to comply with the requirements of patentability set forth in 35 U.S.C. §§ 102, 103, and/or 112.

14.     For example, U.S. Patent No. 4,234,190 ("the '190 Patent") to Airhart, a true and correct copy of which is attached hereto as Exhibit 1, describes a fiber reinforced arrow. The arrow shaft described therein may fit internal components having a spine between about 0.340 and about 0.525 inch, the shaft "having a wall thickness of from 0.022 to 0.032 inch with an internal diameter of from 0.19 to 0.26 inch." Therefore, the claims of each of the Asserted Patents are invalid under 35 U.S.C. § 102 as being anticipated at least by the '190 Patent.

15.     The 2003-2004 Lancaster Archery Supply Archery Catalog, a true and correct copy of pages of which are attached hereto as Exhibit 2, as well as the 2004 Eastman Outfitters Product Guide, a true and correct copy of pages of which are attached hereto as Exhibit 3, describe Eastman's Medallion Arrow Shafts. Eastman's Medallion

Arrow Shafts existed in the marketplace prior to the priority date of the Asserted Patents, and they reduce to practice technology that was publicly available and/or publicly disclosed prior to the priority date of the Asserted Patents. Eastman's Medallion Arrow Shafts may fit internal components and have dimensions and exhibit characteristics as claimed in the Asserted Patents.

16.    For instance, Eastman's Medallion 450 Arrow Shaft may fit internal components and has an outside diameter of .263 inches, a spine measurement of .438 inches, and a weight of approximately 440.7 grains. Eastman's Medallion 500 Arrow Shaft may fit internal components and has an outside diameter of .258 inches, a spine measurement of .488 inches, and a weight of approximately 220.4 grains. Eastman's Medallion 550 Arrow Shaft may fit internal components and has an outside diameter of .255 inches, a spine measurement of .541 inches, and a weight of approximately 210.25 grains. Therefore, the claims of each of the Asserted Patents are invalid under 35 U.S.C. § 102 as being anticipated at least by these Eastman Medallion Arrow Shafts.

17.    A third-party company known as AFC marketed and sold AFC's Arrow Shafts prior to the priority date of the Asserted Patents. AFC's Arrow Shafts included, but are not necessarily limited to, the following products: AFC XL Accel 2300; AFC Pape's Advantage 2400; AFC Max II 2400; AFC Accel 2200; AFC V-Max 2400; and AFC Accel 2400. AFC's Arrow Shafts may fit internal components and have dimensions and exhibit characteristics as claimed in the Asserted Patents.

18.    For example, the AFC XL Accel 2300 Arrow Shaft may fit internal components and has an outside diameter of .226 inches, a spine measurement of .4385

15

inches, and a weight of 281.01 grains.  The AFC Pape's Advantage 2400 Arrow Shaft may fit internal components and has an outside diameter of .239 inches, a spine measurement of .364 inches, and a weight of 313.78 grains.  The AFC Max – II 2400 may fit internal components and has an outside diameter of .242 inches, a spine measurement of .375 inches, and a weight of 305.10 grains.  Therefore, the Asserted Patents are invalid under 35 U.S.C. § 102 as being anticipated at least by these AFC Arrow Shafts.

19.     The 1991 Lancaster Archery Supply Catalog, a true and correct copy of pages of which are attached hereto as Exhibit 4, describes Easton's A/C/C Arrow Shafts. Easton's A/C/C Arrow Shafts existed in the marketplace prior to the priority date of the Asserted Patents, and they reduce to practice technology that was publicly available and/or publicly disclosed prior to the priority date of the Asserted Patents.  Easton's A/C/C Arrow Shafts may fit internal components and have dimensions and exhibit characteristics as claimed in the Asserted Patents.

20.     For instance, Easton's A/C/C 3-18/560 Arrow Shaft may fit internal components and has an outside diameter of .245 inches, a spine measurement of .560 inches, and a weight of approximately 226 grains.  Easton's A/C/C 3-28/500 Arrow Shaft may fit internal components and has an outside diameter of .257 inches, a spine measurement of .500 inches, and a weight of approximately 235 grains.  Easton's A/C/C 3-39/440 Arrow Shaft may fit internal components and has an outside diameter of .265 inches, a spine measurement of .440 inches, and a weight of approximately 244 grains. Easton's A/C/C 3-49/390 Arrow Shaft may fit internal components and has an outside

diameter of .276 inches, a spine measurement of .390 inches, and a weight of approximately 251 grains. Therefore, the claims of each of the Asserted Patents are invalid under 35 U.S.C. § 102 as being anticipated at least by these Easton A/C/C Arrow Shafts.

21.     U.S. Patent No. 6,554,725 (the '725 Patent") to Schaar, a true and correct copy of which is attached hereto as <u>Exhibit 5</u>, describes a fiber reinforced arrow. The arrow shaft described therein may fit internal components having a weight of approximately 372.2 grains and an outside diameter in inches of .288 as claimed in the Asserted Patents. Therefore, the claims of each of the Asserted Patents are invalid under 35 U.S.C. § 102 as being anticipated at least by the '725 Patent.

22.     The Asserted Patents are invalid under 35 U.S.C. § 103 as being obvious based on at least some prior art. For example, the claims of the Asserted Patents are obvious in view of one or more of the 1991 Lancaster Archery Supply Catalog and Easton A/C/C Arrow Shafts, the '190 Patent, the '725 Patent, the Eastman Medallion Arrow Shafts, and the AFC Arrow Shafts.

23.     The Asserted Patents are invalid under 35 U.S.C. § 112 for being indefinite. For example, one or more claims of the Asserted Patents recite inconsistent terms and include terms lacking antecedent basis. In addition, one or more of the claims of the Asserted Patent attempt to define areas that are either below and to the left of a straight line between two points on a plot of spine versus outside diameter or above and to the left of a straight line between two points in a plot of weight versus outside diameter and,

therefore, do not particularly point out and distinctly claim or clearly recite the metes and bounds of the subject matter deemed to be the alleged invention.

24.     FeraDyne is entitled to a declaratory judgment of this Court stating that the asserted claims of the Asserted Patents, and the Asserted Patents themselves, are invalid.

## THIRD COUNTERCLAIM FOR DECLARATORY RELIEF
## (INEQUITABLE CONDUCT)

25.     FeraDyne realleges and incorporates by this reference each and every admission, denial, and averment of this Answer and Counterclaim as though set forth fully herein.

26.     On or about August 23, 2006, as part of the patent prosecution process for the Asserted Patents, Teddy D. Palomaki, Vice President of Product Development for Easton Technical Products, Inc., submitted a declaration under 37 CFR § 1.132 to the United States Patent and Trademark Office.   Among other things, Mr. Palomaki represented that "Figure 12 of the above-referenced patent application illustrates that the arrow shaft of this invention is new and unique in its combination of spine and outside diameter."

27.     Figure 12 disclosed as prior art the following arrow shafts along with their outside diameter and spine combinations: ICS Hunter; Evolution; Epic; Lightspeed; Excel/Hawk; Gold Tip – Black; Carbon Express – CX; and Blackhawk – Vapor.

28.     At all material times during the patent prosecution process, Mr. Palomaki and Easton knew of Easton's A/C/C Arrow Shafts and the 1991 Lancaster Archery Supply Catalog that marketed Easton's A/C/C Arrow Shafts, but affirmatively withheld

PHIL1 7332255v.1

this prior art information from the examiner and from the United States Patent and Trademark Office.

29.    Upon information and belief, at all material times during the patent prosecution process, Mr. Palomaki and Easton also knew of the following prior art and other prior art but failed to disclose it to the United States Patent and Trademark Office: the '190 Patent, the '725 Patent, Eastman's Medallion Arrow Shafts, and AFC's Arrow Shafts.

30.    The information contained in the prior art concealed by Mr. Palomaki and Easton was material and not cumulative to the information already of record.

31.    Upon information and belief, the information contained in the prior art was withheld by Mr. Palomaki and Easton with the specific intent of deceiving the examiner and the United States Patent and Trademark Office.

32.    The information contained in the prior art concealed by Mr. Palomaki and Easton shows that Mr. Palomaki made a false statement in his declaration when he represented to the examiner and the United States Patent and Trademark Office that "Figure 12 of the above-referenced patent application illustrates that the arrow shaft of this invention is new and unique in its combination of spine and outside diameter."

33.    For example, Mr. Palomaki and Easton certainly knew of Easton's very own A/C/C Arrow Shafts, which had been marketed through the 1991 Lancaster Archery Supply Catalog for use in connection with 110 grain and 125 grain broadhead points and sold by Easton in the marketplace since at least as early as 1991.  Mr. Palomaki and

Easton knew Easton's A/C/C Arrow Shafts may fit internal components and have dimensions and exhibit characteristics as claimed in the Asserted Patents.

34.    Moreover, Mr. Palomaki and Easton knew that Easton's A/C/C 3-18/560 Arrow Shaft may fit internal components and has an outside diameter of .245 inches, a spine measurement of .560 inches, and a weight of approximately 226 grains.  Easton's A/C/C 3-28/500 Arrow Shaft may fit internal components and has an outside diameter of .257 inches, a spine measurement of .500 inches, and a weight of approximately 235 grains.  Easton's A/C/C 3-39/440 Arrow Shaft may fit internal components and has an outside diameter of .265 inches, a spine measurement of .440 inches, and a weight of approximately 244 grains.  Easton's A/C/C 3-49/390 Arrow Shaft may fit internal components and has an outside diameter of .276 inches, a spine measurement of .390 inches, and a weight of approximately 251 grains.

35.    These dimensions, and the dimensions pled above concerning the '190 Patent, the '725 Patent, Eastman's Medallion Arrow Shafts, and AFC's Arrow Shafts, demonstrate that Mr. Palomaki made a false statement in his declaration when he represented to the United States Patent and Trademark Office that "Figure 12 of the above-referenced patent application illustrates that the arrow shaft of this invention is new and unique in its combination of spine and outside diameter."

36.    Upon information and belief, the only information regarding Easton's A/C/C Arrow Shafts that Mr. Palomaki and Easton disclosed to the examiner and the United States Patent Office were part of an Easton catalog dated 2004, which post-dated the priority date for the Asserted Patents and did not reference the 110 grain and 125

grain broadhead points that were marketed in the 1991 Lancaster Archery Supply Catalog.

37.     The prior art that Mr. Palomaki and Easton knew of, but affirmatively withheld from the examiner and the United States Patent and Trademark Office, directly impacts at least claim 1 of the '859 Patent, claim 60 of the '618 Patent, claim 1 of the '504 Patent, and claim 1 of the '001 Patent.

38.     Upon information and belief, the United States Patent and Trademark Office would not have allowed the claims that are at issue in this litigation had it been aware of this undisclosed prior art.

39.     In addition, upon information and belief, Mr. Palomaki and Easton acted with specific intent to deceive the United States Patent and Trademark Office.  Upon information and belief, Mr. Palomaki and Easton engaged in a pattern of lack of candor, including repeatedly making factual representations to the United States Patent and Trademark Office contrary to the true information they had in their files.  Mr. Palomaki and Easton thus engaged in inequitable conduct and violated their duty of disclosure.

40.     Mr. Palomaki's and Easton's inequitable conduct and violation of their duty of disclosure renders all of the claims of the '859 Patent, the '618 Patent, the '504 Patent, and the '001 Patent unpatentable or invalid.

## FOURTH COUNTERCLAIM FOR DECLARATORY RELIEF
## (UNENFORCEABILITY OF THE ASSERTED PATENTS)

41.    FeraDyne realleges and incorporates by this reference each and every admission, denial, and averment of this Answer and Counterclaim as though set forth fully herein.

42.    FeraDyne is entitled to a declaratory judgment of this Court stating that the asserted claims of the Asserted Patents, and the Asserted Patents themselves are invalid and unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, FeraDyne respectfully requests that this Court enter judgment in its favor and against Easton and grant the following relief:

1.    An order that the Complaint filed by Easton be dismissed in its entirety with prejudice, that judgment be entered in favor of FeraDyne and against Easton on all claims set forth in the Complaint, and that Easton be denied all relief requested from FeraDyne in the Complaint;

2.    A judgment declaring that FeraDyne has not infringed, and is not infringing, any valid, enforceable, and asserted claim of any of the Asserted Patents;

3.    A judgment declaring that FeraDyne has not induced, and is not inducing, infringement of any valid, enforceable, and asserted claim of any of the Asserted Patents;

4.    A judgment declaring that FeraDyne has not contributed to, and is not contributing to, the infringement of any valid, enforceable, and asserted claim of any of the Asserted Patents;

5.      A judgment declaring that FeraDyne has not willfully infringed, and is not willfully infringing, any valid, enforceable, and asserted claim of any of the Asserted Patents;

6.      A judgment declaring that all of the claims of the Asserted Patents are invalid and unenforceable;

7.      An order finding that Easton and its representatives engaged in inequitable conduct;

8.      An order finding this is an exceptional case under 35 U.S.C. § 285, and awarding FeraDyne its costs and fees in this action, including attorneys' fees and prejudgment interest thereon for actions taken by Easton including, but not limited to, asserting infringement of one or more patents known to be or that should have been known to be invalid and unenforceable; and

9.      An order awarding FeraDyne such further relief as the Court deems just and proper.

10.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, FeraDyne demands a trial by jury on all issues triable of right by jury.

Dated:  October 29, 2018

**KLEHR HARRISON
HARVEY BRANZBURG LLP**

*/s/ Sean M. Brennecke*
David S. Eagle (DE Bar No. 3387)
Sean M. Brennecke (DE Bar No. 4686)
919 North Market Street, Suite 1000
Wilmington, Delaware 19801
Tel: (302) 552-5508
Email:    deagle@klehr.com
            sbrennecke@klehr.com

**OF COUNSEL**

WINTHROP & WEINSTINE, P.A.
Craig S. Krummen (*pro hac vice*
forthcoming)
225 South Sixth Street, Suite 3500
Minneapolis, Minnesota 55402
Tel: (612) 604-6400
Email: ckrummen@winthrop.com

*Attorneys for Defendant and
Counterclaim Plaintiff
FeraDyne Outdoors, LLC*

PHIL1 7332255v.1